Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_____ District of New Jersey

Camden___ Division

|  |  |
|---|---|
| Shawn Yaeger | Case No. __1:22-cv-05056 (NLH/SAK)__ |
| _____ | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint.* | |
| *If the names of all the plaintiffs cannot fit in the space above,* | |
| *please write "see attached" in the space and attach an additional* | |
| *page with the full list of names.)* | |
| **-v-** | |
| | **SECOND AMENDED COMPLAINT** |
| HwaJung Song | |
| _____ | **RECEIVED** |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the* | AUG 18 2023 |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names. Do not include addresses here.)* | AT 8:30_____M |
| | CLERK, U.S. DISTRICT COURT - DNJ |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Shawn Yaeger |
| All other names by which you have been known: | Kevin Louis Pochop; Kevin Louis Yaeger |
| ID Number | 23618-112 |
| Current Institution | Federal Prison Camp Duluth |
| Address | Post Office Box 1000 |
| | Duluth     MN.     55814-1000 |
| | *City*     *State*     *Zip Code* |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | HwaJung Song |
| Job or Title *(if known)* | Chief Dental Officer |
| Shield Number | Unknown |
| Employer | Federal Bureau of Prisons (FCI Fort Dix) |
| Address | 5756 Hartford St & Pointville Rd. (P.O. Box 38) |
| | Joint Base MDL    NJ.    08640-0902 |
| | *City*     *State*     *Zip Code* |

☒ Individual capacity     ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |
| | *City*     *State*     *Zip Code* |

☐ Individual capacity     ☐ Official capacity

Defendant No. 3

Name

Job or Title *(if known)*

Shield Number

Employer

Address

| City | State | Zip Code |
|------|-------|----------|

☐ Individual capacity     ☐ Official capacity

Defendant No. 4

Name

Job or Title *(if known)*

Shield Number

Employer

Address

| City | State | Zip Code |
|------|-------|----------|

☐ Individual capacity     ☐ Official capacity

## II.     Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

☒ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Eighth Amendment Right to Adequate Medical Care

> D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☐ Convicted and sentenced state prisoner
- ☒ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

```
See attachment (1), Second Amended Complaint; Section (V)
Statement of Facts, Page 7
```

C.     What date and approximate time did the events giving rise to your claim(s) occur?

```
Between September 22, 2021 and through April 18, 2022
```

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

```
See Attachment (1), Second Amended Complaint; Section (V)
Statement of Facts, Page 7
```

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

```
See Attachment (1), Second Amended Complaint; Section (VI)
Causes of Actions, Pages 8 and through 10
```

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

```
See Attachment (1), Second Amended Complaint; Section (VIII)
Prayer For Relief, Page 12
```

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.  Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

```
Federal Correctional Institution - Fort Dix (FCI Fort Dix)
```

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

```
I requested that Dr. HwaJung Song provide emergent dental care
pertaining to a painful tooth
```

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

See Attachment (1), Second Amended Complaint; Section (IV)
Bivens Authority, Page 6

2.    What did you claim in your grievance?

I requested HwaJung Song provide me with emergent dental care
pertaining to a painful tooth

3.    What was the result, if any?

Denied

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I appealed every step up and through to the Office of the General Counsel.
(BP-11). The General Counsel is the final step to full exhaust an
administrative remedy. Their office never responded to my BP-11 at all.

F.  If you did not file a grievance:

    1.  If there are any reasons why you did not file a grievance, state them here:

 

    2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

 

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

 

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☒ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   Shawn Yaeger

Defendant(s)   United States of America

2.   Court *(if federal court, name the district; if state court, name the county and State)*

United States District Court for the Central District of California

3.   Docket or index number

5:21-cv-00064 (SVW/DFM)

4.   Name of Judge assigned to your case

Stephen Victor Wilson

5.   Approximate date of filing lawsuit

January 7, 2021

6.   Is the case still pending?

☒ Yes

☐ No

If no, give the approximate date of disposition

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Case has been appealed to the United States Court of Appeals
for the Ninth Circuit.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    August 14, 2023

| | |
|---|---|
| Signature of Plaintiff | |
| Printed Name of Plaintiff | Shawn Yaeger |
| Prison Identification # | 23618-112 |
| Prison Address | Post Office Box 1000 |
| | Duluth / City — MN. / State — 55814-1000 / Zip Code |

### B.    For Attorneys

Date of signing:

| | |
|---|---|
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Address | |
| | City — State — Zip Code |
| Telephone Number | |
| E-mail Address | |

Page 11 of 11

Exhibit / Attachment (1)

Shawn Yaeger
Federal Register # 23618-112
Federal Prison Camp Duluth
Post Office Box 1000
Duluth, Minnesota 55814-1000


In The United States District Court

For The District Of New Jersey

Camden Division


Shawn Yaeger,                          :
                    Plaintiff,         :
                                       :
                                       :
vs.                                    :      Case No. 1:22-cv-05056 (NLH/SAK)
                                       :
                                       :
HwaJung Song,                          :
                    Defendant.         :

---------------------------------------------------------------------------------
                        SECOND AMENDED COMPLAINT
---------------------------------------------------------------------------------


COMES NOW, Shawn Yaeger, a Pro Se litigant (hereinafter: "Plaintiff"), who by birth is a Citizen of the United States of America and by domicile a Citizen of the State of California, who respectfully submits this Second Amended Complaint to his **Bivens** claim pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**, 403 U.S. 388, 389 91 S. Ct. 1999, 29 L. ED. 2d, 619 (1971), as a person in federal custody. Plaintiff is serving a sentence for a violation of the Code of Laws of the United States (aka: "U.S.C." or "U.S.C.S."). The name and location of sentencing Court: United States District Court (USDC) for the Eastern District of Virginia, Alexandria Division; Docket No. 1:17-cr-00241-AJT-1; Date of Sentencing: February 13, 2018; imposed term of imprisonment: 112 months; Projected Date of Release: March 27, 2024. The USDC notified the Plaintiff that he is sentenced pursuant a Judgment in a criminal case. It should be noted despite this notification, "crime" is not a term used in the USDC Judgment and Commitment Order. Plaintiff is a non-violent offender with no gang, terrorist, or any organized crime affiliation. He is currently being held in custodial legis at Federal Prison Camp Duluth, in Duluth, Minnesota under the authority of the United States Attorney General, a member of the Executive Branch, whose medical staff have violated Plaintiff's Right to adequate Medical / Dental Care by way of Eighth Amendment violation while he was previously housed at Federal Correctional Institution – Fort Dix on Joint

1

Base McQuire-Dix-Lakehurst, a military base known as "Fort Dix", which is within the State of New Jersey.

2

## II. JURISDICTION AND VENUE

This action is brought pursuant to the Eighth Amendment of the Constitution of the United States of America in accordance to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,** 403 U.S. 388, 389 91. S. Ct. 1999, 29 L. ED. 2d. 619 (1971). (The Supreme Court created a Federal Tort counterpart to the remedy created by **42 U.S.C. § 1983** as it applies to Federal Officers).

This Court has subject-matter Jurisdiction of this civil action pursuant to **28 U.S.C. § 1331** because the District Courts shall have original Jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States of America.

The United States District Court for the District of New Jersey is the proper venue and has subject-matter Jurisdiction to hear this case due to the fact that the events giving rise to the claims alleged in this Amended Complaint all occurred within Burlington County, New Jersey (District of New Jersey).

3

### III. PARTIES

Plaintiff, Shawn Yaeger, by birth a Citizen of the United States of America, and by domicile a Citizen of the State of California.  Plaintiff is currently being held in custodial legis at Federal Prison Camp Duluth in Duluth, Minnesota.

At all times relevant to this action, Defendant, HwaJung Song was the Chief Dental Officer employed by the Federal Bureau of Prisons to manage the Dental Care of the prisoners incarcerated in the Federal Bureau of Prisons designated to the Fort Dix – Federal Correctional Institution.

> a.  At all relevant times, this Defendant was acting as the agent, servant, and employee of the Federal Bureau of Prisons.
>
> b. This Defendant is sued in her individual capacity.

## IV. BIVENS AUTHORITY

In 1971, the Supreme Court concluded that, even absent statutory authorization, it would enforce a damage remedy allowing individuals to be compensated after experiencing violations of the prohibitions against unreasonable searches and seizures contained in the Fourth Amendment. See: **Bivens**, 403 U.S. at 397. Subsequently, the Court extended the **Bivens** cause of action in two cases involving Constitutional Violations. First, in **Davis v. Passman**, 442 U.S. 228, 249-49, 99 S. Ct. 2264, 60 L. ED. 846 (1979), the Court concluded that the Fifth Amendment's Due Process Clause provided a damage remedy to an administrative assistant claiming that a congressman had discriminated against her on the basis of gender. Next, the Court concluded that the Eighth Amendment's prohibition on Cruel and Unusual Punishment provided a prisoner a cause of action for damages against prison officials who failed to treat his asthma. See: **Carlson v. Green**, 446 U.S. 14, 19, 100 S. Ct. 1468, 64 L. ED. 2d 15 (1980). "These three cases - **Bivens, Davis and Carlson** - represent the only instances in which the Court has approved of an implied damage remedy under the Constitution itself." See: **Ziglar v. Abbasi**, 137 S. Ct. 1843, 1855, 198 L. ED. 2d. 290 (2017).

The Eighth Amendment protection against Cruel and Unusual Punishment extends to the prisoner's Right to medical care. See: **Estelle v. Gamble**, 429 U.S. 97, 102 - 03, 97 S. Ct. 285, 50 L. ED. 2d. 251 (1976). Failure to provide adequate medical care violates a prisoner's Right to be free from Cruel and Unusual Punishment when it results from "deliberate indifference to a prisoner's serious illness or injury."

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies before bringing a suit regarding prison conditions. See: **42 U.S.C. § 1997(e) (a)**. A suit regarding prison conditions includes both claims about "general circumstance of confinement and claims regarding "particular episodes." See: **Porter v. Nussle**, 534 U.S. 516, 532, 122 S. Ct. 893, 152 L. ED. 2d. 12 (2002). Administrative exhaustion is required regardless of the nature of the relief the prisoner seeks. See: **Booth v. Chumer**, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. ED. 958 (2001). The PLRA does not specify an exhaustion procedure of the facility where the prisoner is incarcerated. See: **Jones v. Bock**, 549 U.S. 149, 218, 127 S. Ct. 910, 166 L. ED. 2d (2007)

The Bureau of Prisons has a Four-Step administrative remedy procedure. See: **28 C.F.R. §§ 542.10 - 19**. First, a prisoner must bring the issue to a staff mem who should attempt to informally resolve the issue. Second, if the issue is not

S

informally resolved, then the prisoner must submit an Administrative Remedy Request (BP-9) to the Warden.  If the Warden denies the request, the prisoner must, third, appeal the denial to the Regional Director using a (BP-10).  To fully exhaust an administrative remedy (grievance) this time to the Bureau of Prisons' Office of the General Counsel using a (BP-11).

Thus, under the Bureau of Prisons administrative remedy procedure, a claim is not fully exhausted until the Office of the General Counsel has either denied the grievance or if the inmate does not receive a response with the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.

Here, Plaintiff submitted his informal resolution on October 4, 2021 and Dr. Song denied the request on October 14, 2021.  The Plaintiff submitted his BP-9 on October 18, 2021, and the Warden quickly denied the request on November 1, 2021.  The Plaintiff appealed the Wardens denial by filing his BP-10 with the Regional Director on November 8, 2021.  The Plaintiff appealed the Regional Director's denial by filing his BP-11 with the Office of the General Counsel on February 18, 2022.  On or about April 21, 2022, the BP-11 was returned to the Plaintiff because of an error and on or about April 25, 2022, the BP-11 was re-filed with the Office of the General Counsel and with extension their office had till no later than June 25, 2022 to respond.

Pursuant to the Bureau of Prisons Program Statement 1330.18 "542.18" "If the inmate does not receive a response within the allotted time for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."

Here, as stated the response from the Office of the General Counsel was due by June 25, 2022, and at present nearly fourteen (14) months later no response has ever been received!!

Therefore, based on these facts, the Plaintiff has complied with all prerequisities to an action under **Bivens** because pursuant to the Bureau of Prisons Program Statement 133 the administrative remedy has been fully exhausted.

6

## V. STATEMENT OF FACTS

On September 22, 2021, the Plaintiff went to sick-call because a tooth was causing him extreme pain.  After weeks of his emergency request for help being ignored by HwaJung Song, the Chief Dental Officers employed at the Fort Dix - Federal Correctional Institution, on October 13, 2021, the Plaintiff contacted Associate Warden (Dr. Kimberly Kodger) with his urgent dental matter.  At the time Dr. Kodger urged the Plaintiff to return to sick-call, which he did the following morning and at the time he submitted a subsequent sick-call request asking Dr. Song either to repair the bad tooth that was causing him significant pain or if she is unwilling to repair the tooth then asking her to immediately pull the tooth.

In the weeks and months ahead, the Plaintiff submitted a significant number of both paper inmate requests to staff (cop-outs) and electronic requests to staff all addressed to Dr. Song asking her for help to either repair the bad tooth causing him significant pain or if she is unwilling to repair the tooth then asking her to immediately pull the tooth.  It should be noted that on October 4, 2021, the Plaintiff filed his grievance on this matter requesting the same.  Sadly, Dr. Song took the time to respond to the Plaintiff's grievance denying him help!

On or about November 29, 2021, Dr. Song requested the Plaintiff come into Dental for what he thought was her either fixing or pulling this bad tooth and at the time Dr. Song told Plaintiff that she only called him into Dental for a "comprehensive examination" or in laymans terms Dr. Song took x-rays of the Plaintiff's mouth.  At the time Dr. Song told the Plaintiff that she was not seeing him for anything else so don't ask.  At the time Dr. Song told the Plaintiff that she would see him in a couple weeks to take care of his tooth.

Needless to say that this dental emergency went on for 198 days of pure pain and suffering.  Dr. Song finally called the Plaintiff into Dental on April 18, 2022 to extract the bad tooth.  At all times Dr. Song was well aware of this Dental emergency and she chose to blatantly ignore this emergent dental matter causing Plaintiff significant pain and suffering in violation of the Plaintiff's Eighth Amendment Right to adequate medical care.

It is not clear why Dr. Song chose to pull the Plaintiff's tooth on April 18, 2022.

7

## VI. CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION

Defendant, HwaJung Song violated Shawn Yaeger's Eighth Amendment Right of the United States Constitution to be free of Cruel and Unusual Punishment by failing to respond to reasonable requests and provide him with emergent dental care pertaining to a painful tooth.

Against: Defendant HwaJung Song

In order to state an Eighth Amendment Right to medical care claim under **Bivens**, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under the color of Federal law.
See: **Torruella-Tores v. FCI Fort Dix**, 218 F. Supp. 3d 270, 272 nl (D. Del. 2016).

A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that any lay person would easily recognize the necessity for a doctor's attention.  See: **Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro**, 834 F. 2d. 326, 347 (3d Cir. 1987).

A medical condition is serious when the denial or delay of medical treatment causes unnecessary or wanton infliction of pain.

A failure to treat a serious medical need alone does not give rise to an Eighth Amendment violation.  The Federal actor must be deliberately indifferent for a **Bivens** claim to attach.

Deliberate indifference to a serious medical need is shown when: (1) a doctor intentionally inflicts pain on a prisoner; (2) a prison official denies reasonable requests for medical treatment, exposing the inmate to undue suffering of the threat of tangible residual injury; or (3) a doctor or official intentionally refuses to provide care even though he/she is aware of the need of such care.  See: **Spruill**, 372 F. 3d at 235.  A prison official is deliberately indifferent if he/she disregards a known excessive risk to the inmates health and safety.

It is not enough that the official is aware of the facts from which an inference can

8

drawn that the inmate is exposed to a substantial risk of serious harm, that the official must actually draw that inference.  See: **Farmer v. Brennan**, 511 U.S. 825, 837-38, 114 S. Ct. 1970, 128 L. ED. 2d. 811 (1994).

Between the dates September 22, 2021 and through April 18, 2022, (198 days) Defendant: HwaJung Song deprived Plaintiff, Shawn Yaeger's Eighth Amendment Right to adequate medical care by failing to respond to reasonable requests and provide him with emergent dental care pertaining to a painful tooth.

Defendant: HwaJung Song is the Chief Dental Officer employed by the Federal Bureau of Prisons and is assigned to the Federal Correctional Institution at Joint Base McGuire-Dix-Lakehurst (FCI Fort Dix) and the Constitutional violations described in this Count was committed by a person acting under the color of Federal law.

Here, Shawn Yaeger, on September 22, 2021, went to sick-call requesting emergent dental services because of a painful tooth.  In his written request for help, Plaintiff identified to the Defendant that a tooth was causing him significant  pain asking her to either repair the salvageable tooth or if she was not willing to repair the tooth to simply pull the tooth.  At all times the Plaintiff let the Defendant know that he was in excruciating pain and that he was suffering badly.

Dr. HwaJung Song ignored all inmate requests to staff whether by paper copy and electronic requests to staff.  The Defendant also refused to respond to Plaintiff's cries for help via the Bureau of Prisons grievance system.

Dr. HwaJung Song intentionally inflicted needless and unnecessary pain on Shawn Yaeger and further denied all reasonable requests for medical intervention for 198 days where on April 18, 2022, Dr. HwaJung Song finally pulled the bad tooth.  A couple weeks is m than understandable, but nearly seven months of pain and suffering is unacceptable!!

In this situation, Dr. HwaJung Song intentionally denied Plaintiff this emergent medical necessity while providing these same dental services to other Fort Dix inmat during the same time period Plaintiff requested this urgent dental care.  The averag wait for an inmate to have their tooth pulled during the coronavirus pandemic was 3

The actions of Defendant: Dr. HwaJung Song set forth in this Amended Complaint viol

9

the Plaintiff's Right to be free from Cruel and Unusual Punishment under the Eighth Amendment to the United States Constitution.  Defendant: HwaJung Song is liable to the Plaintiff for these unlawful actions in violation of the Constitution.

In this situation any lay person would easily recognize the necessity for a doctor's attention and by forcing the Plaintiff to wait nearly seven (7) months is pretty cruel in itself and caused the Plaintiff to suffer needlessly and the Defendant directly inflicted unnecessary pain and suffering on the Plaintiff by denying his many cries for help.  These actions is simply unacceptable and in this situation is deliberate indifference to a serious medical need.

Accordingly, the Plaintiff has satisfied all prongs proving his Eighth Amendment Rights were violated by HwaJung Song.

## VII. DEMAND FOR TRIAL

Plaintiff demands Trial by non-Jury.

11

## VIII. PRAYER FOR RELIEF

Plaintiff requests that this Court render Judgment against Defendant: HwaJung Song

Plaintiff demands the following relief:

        a) Compensatory damages in the amount of $100,000.00 to compensate Shawn Yaeger for 198 days of pain and suffering.

        b) An award of Plaintiff's cost of suit; and

        c) All other relief that this Court may find equitable.

Dated:    August 14, 2023

Shawn Yaeger
Pro Se — Plaintiff

12