## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SHAWN YAEGER,

      Plaintiff,

v.

DR. HWAJUNG SONG,

      Defendant.

Case No. 22–cv–05056–ESK–SAK

OPINION

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on defendant Dr. Hwajung Song's motion to dismiss the second amended complaint (Motion) (ECF No. 63.) Plaintiff Shawn Yaeger opposes the Motion and asked permission to file an overlength brief. (ECF No. 70.) For the following reasons, I will grant plaintiff's request to file his overlength brief. I will grant the Motion and dismiss the second amended complaint with prejudice.

### I.    FACTS AND PROCEDURAL HISTORY

    Plaintiff filed a *pro se* complaint on August 15, 2022 pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) alleging Dr. Song was deliberately indifferent to his need for dental care while he was detained in FCI Fort Dix, New Jersey (Fort Dix). (ECF No. 1.) He submitted an amended complaint on September 14, 2022. (ECF No. 5.) District Judge Noel L. Hillman reviewed the amended complaint pursuant to 28 U.S.C. §1915 and allowed it to proceed on October 11, 2022. (ECF No. 9.)

    Dr. Song filed a motion for judgment on the pleadings on April 24, 2023. (ECF No. 39.) Judge Hillman denied the motion as moot after plaintiff filed the second amended complaint. (ECF No. 61.) Dr. Song filed the Motion on

October 10, 2023.   (ECF No. 63.)   Plaintiff submitted opposition to the motion and requested to file an overlength brief.   (ECF No. 70.)

According to the second amended complaint, plaintiff was detained in Fort Dix on September 22, 2021.   (ECF No. 59 p. 19.)   Dr. Song was Fort Dix's Chief Dental Officer.   (*Id.*)   On September 22, 2021, plaintiff went to sick-call due to "extreme pain" in his tooth.   (*Id.*)   He did not receive treatment for several weeks and contacted the associate warden on October 13, 2021 for help.   (*Id.*)   The associate warden suggested that plaintiff return to sick-call.   (*Id.*)   Plaintiff went back to sick-call the next morning and asked Dr. Song "either to repair the bad tooth that was causing him significant pain or if she is unwilling to repair the tooth then asking her to immediately pull the tooth."   (*Id.*)

Plaintiff submitted several requests to Dr. Song asking her to treat his tooth.   (*Id.*)   Dr. Song asked plaintiff to come to dental on November 29, 2021 for an examination and x-rays.   (*Id.*)   "At the time Dr. Song told the [p]laintiff that she was not seeing him for anything else so don't ask."   (*Id.*)   She told plaintiff that she would see him again in a couple weeks.   Plaintiff did not receive any other treatment until April 18, 2022 when Dr. Song extracted plaintiff's tooth.   (*Id.*)

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), when deciding a motion to dismiss, a court accepts all well-pled facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted).   "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.   The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## III.  DISCUSSION

Dr. Song argues that the second amended complaint must be dismissed because it presents a new context that does not warrant an implied remedy under *Bivens*.   (ECF No. 63-2 p. 5.)   She also argues that plaintiff has failed to state an Eighth Amendment claim against her and that she has qualified immunity for the claim "because there is no clearly established right to dental care to address subjective reports of oral pain, particularly during the COVID-19 pandemic, when non-health threatening dental care was temporarily suspended by [the Bureau of Prisons] nationwide."   (*Id.*)   Plaintiff opposes, arguing that his claim for denial of medical care is a recognized *Bivens* claim. (ECF No. 70 p. 8 (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

"In *Bivens*, the Court held that it had authority to create 'a cause of action under the Fourth Amendment' against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations."   *Egbert v. Boule*, 596 U.S. 482, 490 (2022) (quoting *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971)). "Over the following decade, the Court twice again fashioned new causes of action under the Constitution—first, for a former congressional staffer's Fifth

3

Amendment sex-discrimination claim; and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment." *Id.* at 490–91 (citing *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). "In the fifty-two years since *Bivens* was decided, however, the Supreme Court has pulled back the reins to what appears to be a full stop and no farther." *Xi v. Haugen*, 68 F.4th 824, 832 (3d Cir. 2023).

In 2017, the Supreme Court concluded "that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017); *see also Hernández v. Mesa*, 589 U.S. 93, 101 (2020) ("In both statutory and constitutional cases, our watchword is caution."). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Abbasi*, 582 U.S. at 131. "Indeed, in light of the changes to the Court's general approach to recognizing implied damages remedies, it is possible that the analysis in the Court's three *Bivens* cases might have been different if they were decided today." *Id.* at 134.

*Abbasi* "created a funnel through which plaintiffs alleging constitutional violations by federal officials must pass." *Alexander v. Ortiz*, No. 15–cv–06981, 2018 WL 1399302, at *4 (D.N.J. Mar. 20, 2018). "First, we ask whether the case presents 'a new Bivens context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Egbert*, 596 U.S. at 492 (quoting *Abbasi*, 582 U.S. at 139-40). "If a case does not present a new *Bivens* context, the inquiry ends there, and a *Bivens* remedy is available." *Shorter v. United States*, 12 F.4th 366, 372 (3d Cir. 2021). "[I]f it is a new context, we ask, second, whether there are special factors' indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Xi*, 68 F.4th at 833 (internal quotation marks omitted). The Supreme Court has "observed that

these steps 'often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy'; if so, [the court] may not expand *Bivens* to cover the claim." *Id.* (quoting *Abbasi*, 582 U.S. at 136).

## A.   New *Bivens* Context

*Carlson* is the most relevant of the three remedy cases to plaintiff's claims. There, the Supreme Court recognized a *Bivens* cause of action where federal prison officials failed to treat a prisoner's chronic asthma which culminated in a fatal attack. *Carlson v. Green*, 446 U.S. 14 (1980). Here, plaintiff alleges Dr. Song failed to treat his injured tooth for several months while he was in extreme pain. He asserts an Eighth Amendment claim for denial of medical care is a recognized *Bivens* claim. (ECF No. 70 p. 8.) However, it is not enough that plaintiff alleges an Eighth Amendment violation due to a prison official's deliberate indifference to medical needs post-*Egbert*. *See Egbert*, 596 U.S. at 501 ("[A] plaintiff cannot justify a *Bivens* extension based on 'parallel circumstances' with ... *Carlson* unless he also satisfies the 'analytic framework' prescribed by the last four decades of intervening case law.").

"[T]he Supreme Court ha[s] made clear that the category of 'new contexts' is 'broad,' and this threshold test is 'easily satisfied.'" *Xi v. Haugen*, 68 F.4th 824, 834 (3d Cir. 2023) (quoting *Hernández*, 589 U.S. at 102; *Abbasi*, 582 U.S. at 139). "A context may be regarded as new if it is different in any 'meaningful way' from the three contexts where the Court has recognized a *Bivens* remedy, and even 'a modest extension is still an extension.'" *Id.* (quoting *Abbasi*, 582 U.S. at 139, 142). I find that plaintiff's Eighth Amendment claim is meaningfully different from the facts in *Carlson* because plaintiff alleges that prison officials failed to properly treat his chronic and non-life-threatening condition. "[T]he *Carlson* Court extended an implied cause of action for money damages pursuant to *Bivens* where the alleged deliberate indifference of prison

5

officials was most serious; it resulted in a fatality of a prisoner." *Peguero v. Quay*, No. 1:22–cv–00057, 2023 WL 2410882, at *10 (M.D. Pa. Mar. 8, 2023) (declining to extend *Bivens* remedy to claim of chronic low back pain); *see also Mostafa v. Garland*, No. 20–cv–00694, 2024 WL 37977, at *13 (D. Colo. Jan. 3, 2024) (finding "allegations concern[ing] health maintenance issues of inadequate dental care" to be a new context); *Washington v. Fed. Bureau of Prisons*, No. 5:16–cv–03913, 2022 WL 3701577, at *5 (D.S.C. Aug. 26, 2022) ("Plaintiff's *Bivens* claims do not involve a medical emergency, as did *Carlson*, but rather focus on a long term and ongoing course of medical treatment of [p]laintiff's chronic, non-fatal condition.").

Plaintiff's claim that Dr. Song failed to treat his ongoing dental issues is meaningfully different from the medical emergency faced by the inmate in *Carlson* that ultimately resulted in death. *See Dongarra v. Smith*, 27 F.4th 174, 180–81 (3d Cir. 2022) ("*Carlson* extended *Bivens* to remedy prison officers' failure to give medical assistance.   But there, the prisoner died because of the officers' neglect.   Put differently, the risk that the prison officer ignored (death from not treating the prisoner's chronic asthma) in fact resulted.").   "This difference is significant for multiple reasons, including that administrative and injunctive relief would have a completely different application to [p]laintiff's claims than to the claims in *Carlson* …." *Washington*, 2022 WL 3701577, at *5; *see also Holton v. Finley*, No. 4:21–cv–00737, 2024 WL 1919238, at *9 (M.D. Pa. Mar. 21, 2024) (concluding claim was meaningly different from *Carlson* because the administrative remedy system in *Carlson* was not available as complaint was filed by prisoner's estate), *report and recommendation adopted*, No. 4:21–cv–00737, 2024 WL 1913172 (M.D. Pa. May 1, 2024).   Therefore, plaintiff's claim presents a new *Bivens* context, and the Court must proceed to the second step of review.

### B.   <u>Special Factors</u>

Step two requires the Court to consider "whether special factors counsel hesitation in extending a Bivens remedy."  *Xi*, 68 F.4th at 836 (cleaned up). "The *Bivens* inquiry does not invite federal courts to independently assess the costs and benefits of implying a cause of action.  A court faces only one question: whether there is any rational reason (even one) to think that Congress is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'"  *Egbert*, 596 U.S. at 496 (quoting *Abbasi*, 582 U.S. at 136).   "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy."  *Id.* at 492 (quoting *Hernández*, 589 U.S. at 102); *see also Graber v. Doe II*, 59 F.4th 603, 609 (3d Cir. 2023).

The Supreme Court has held that "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'"  *Egbert*, 596 U.S. at 495 (quoting *Abbasi*, 582 U.S. at 137).   The Supreme Court has held that the Bureau of Prison's administrative remedy program satisfies this requirement.  *Id.* at 497 (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)); *see also Bulger v. Hurwitz*, 62 F.4th 127, 140–41 (4th Cir. 2023) (finding that Bureau of Prison's administrative remedy is a sufficient "alternative remedial structure" in special factors analysis); *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022) (same).   It is irrelevant that monetary damages are not available through the Bureau of Prison's program.   "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy."  *Egbert*, 596 U.S. at 498.  The Court "recognize[s] this remedial scheme might prove to be cold comfort to [plaintiff], who seeks an adversarial process and monetary damages, but the Supreme Court has declared that the government's procedures need not be as effective as an

individual damages remedy to foreclose *Bivens* relief." *Barry v. Anderson, et al.*, No. 22–cv–03098, 2023 WL 8449246, at *4 (3d Cir. Dec. 6, 2023).

Therefore, I conclude that plaintiff lacks a viable *Bivens* action and will dismiss the second amended complaint with prejudice.[1]

## IV.   CONCLUSION

For the reasons stated above, I will grant both plaintiff's request to file an overlength brief and the Motion.   I will dismiss the second amended complaint with prejudice.   An appropriate order accompanies this opinion.

 */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: June 20, 2024

---

[1] As I am dismissing the second amended complaint based on the lack of a viable *Bivens* action, it is unnecessary to address Dr. Song's qualified immunity argument.

8